UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA TOLENTINO-RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05611 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

## ORDER

Before the Court is Petitioner Jessica Tolentino-Rodriguez's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

Respondents did not dispute the following facts. Petitioner is a citizen of Mexico who has resided in the United States since 1986, approximately forty years ago. ECF No. 1 at 4. Petitioner has extensive ties to the United States—she entered when she was three years old and has no criminal convictions. *Id.* at 4. Petitioner has two U.S. citizen children, for whom she is the primary caregiver. *Id.* at 6. On June 30, 2026, Petitioner was taken into immigration custody. *Id.* She has been in custody since that date without an individualized bond determination. Petitioner is currently detained at the Houston Contract Detention Facility in Houston, Texas. *Id.*

On June 30, 2026, Petitioner was issued a Notice to Appear (NTA) in removal proceedings before an immigration judge (IJ). *Id.* The NTA charged Petitioner with being subject to removal

1 / 4

under INA § 212(a)(6)(A)(1) as "an alien present in the United States who has not been admitted or paroled." *Id.* Her removal proceedings are ongoing. Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 5 at 2.

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.[1]

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

---

[1] The Court is aware that the Fifth Circuit recently issued a stay in *Sosnava Rodriguez v. Ortega*, 2026 WL 2104747 (5th Cir. July 21, 2026). The Government made no argument in its Motion for Summary Judgment suggesting that the stay limits this Court's ability to grant relief. Additionally, the Fifth Circuit's order does not clearly state what precedential effect, if any, it has on the district courts in general. Such a stay is "not conclusive as to the merits," and this Court will not speculate as to the Fifth Circuit's unstated intentions. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). Finally, even assuming that the stay has some precedential effect, this Court's decision rests on substantive due process grounds, not the procedural due process reasoning at issue in *Sosnava Rodriguez*. For these reasons, the Court finds that the stay has no effect on its ruling on Petitioner's claims.

### III.   REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for twenty-three days. Given the severity of the ongoing unconstitutional deprivation of liberty, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1.  Respondents are **ORDERED** to release Petitioner from custody within **<u>48 hours</u>**.

3 / 4

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel or next friend of the time and place of her release **no less than three hours** prior to her release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 27, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on July 23, 2026.

Keith P. Ellison
United States District Judge

4 / 4